# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| **LEROY BADGER,** | **PETITIONER** |
| **V.** | **NO. 2:05CV56-P-B** |
| **DOLAN WALLER, ET AL,** | **RESPONDENTS** |

## O P I N I O N

This cause comes before the court on the petition of Leroy Badger for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, contrary to his plea of not guilty, in the Circuit Court of Quitman County, Mississippi, of murder. He was sentenced on September 15, 1997, to life imprisonment.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became
> final by the conclusion of direct review
> or the expiration of the time for seeking
> such review;
>     (B) the date on which the impediment to
> filing an application created by State
> action in violation of the Constitution
> or laws of the United States is removed,
> if the applicant was prevented from filing
> such State action;
>     ©) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

No timely direct appeal was filed by petitioner. He argues, however, that he is entitled to equitable tolling of the statute because his attorney failed to timely perfect an appeal even though petitioner informed him that he wanted to do so. Petitioner stated that he knew within four or five months of his conviction that he did not have an appeal pending in state court. Therefore, in the light most favorable to petitioner, he was aware no later than February 18, 1998 (five months after the date of sentencing) that his attorney had failed to perfect an appeal. Thus, the habeas limitation period began to run on February 15, 1998. Unless petitioner filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before February 15, 1999, to toll the period of limitation, any habeas corpus petition challenging the conviction would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

Thomas Pearson, petitioner's attorney, filed a "Motion To Reopen Time For Appeal" on January 5, 1999, which was denied by the trial court on February 11, 2000.[1] Pearson then filed a "Motion To Reconsider Motion To Reopen Time For Appeal" on February 16, 2000. The trial court on April 13, 2000, granted petitioner an out-of-time appeal pursuant to § 99-39-5 of the Mississippi Code. Pearson filed notice of appeal on June 13, 2000. The Mississippi Court of Appeals dismissed the appeal on September 17, 2002, finding that the trial court had no authority to grant the out-of-time appeal since the appeal was requested more than 180 days after judgment.

In accordance with the above, the limitations period was tolled for a period of 1351 days - the number of days that the motion for an out-of-time motion was pending (January 5, 1999, through September 17, 2002), thereby setting the filing deadline on or before October 28, 2002 (one year from the discovery of the factual predicate on February 15, 1998 plus 1351 days). Petitioner did not file any other properly filed motions for post-conviction relief challenging his conviction prior to the deadline date of October 28, 2002.

Petitioner signed his federal habeas corpus petition on November 8, 2004, and it was stamped as filed in the court on November 29, 2004. Even assuming that the petition was deemed as filed on the day it was signed, it was still filed more than two years after the Petitioner October 28, 2002, deadline.

Petitioner's argument that he is entitled to equitable tolling is without merit. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Rashidi v. American President Lines*, 96

---

[1] Additionally, petitioner filed a *pro se* pleading on March 4, 1999, entitled Motion for Uniform Post-Conviction Collateral Relief. The Mississippi Supreme Court by order dated November 10, 1999, dismissed the motion as premature on the basis that petitioner's direct appeal was still pending.

F.3d 124, 128 (5th Cir. 1996)). While the failure of petitioner's attorney to file a timely appeal may have possibly prejudiced him in state court, it did not prevent petitioner from timely filing his habeas petition. Clearly petitioner has not been "actively misled" nor "prevented in some extraordinary way from asserting his rights." Additionally, he has not cited any rare and unusual circumstances that would warrant equitable tolling. *See United States v. Riggs*, 314 F.3d 797, 799 (5th Cir. 2003).

Finally, petitioner has failed to show that he diligently pursued collateral damages to his conviction to actually warrant the benefit of tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). His delay of more than two years between the state appellate court's ruling on his appeal and the filing of his federal habeas petition clearly was not diligent. Consequently, the petition must be dismissed with prejudice as untimely filed. A final judgment in accordance with this opinion will be entered.

THIS the 16th day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE